UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>                Plaintiff,<br><br>        v.<br><br>CDCR and R. FISHER, *Warden*,<br><br>                Defendants. | Case No. 1:20-cv-00655-HBK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED[1]<br><br>(Doc. No. 10)<br><br>TWENTY-ONE DAY OBJECTION PERIOD<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO THIS ACTION |

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO") filed July 2, 2021. (Doc. No. 10). Plaintiff seeks to enjoin Defendants from transferring Plaintiff to different prison housing. (*Id.*). For the reasons stated below, the undersigned recommends Plaintiff's motion be denied.

## I.     BACKGROUND & FACTS

This case was reassigned to undersigned on November 17, 2020. (Doc. No. 9). Plaintiff Clifford Alan Dilbert, a state prisoner, initiated this action on May 11, 2020 by filing a *pro se*

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

complaint under 42 U.S.C. § 1983 against Defendants California Department of Corrections and Rehabilitation ("CDCR") and the warden of Valley State Prison, R. Fisher. (Doc. No. 1). After being granted *in forma pauperis* status, but before the then assigned magistrate screened the complaint, Plaintiff *sua sponte* submitted an amended complaint on May 18, 2020. (Doc. No. 6, "AC"). In his AC, Plaintiff states he turned 65 on November 17, 2015 and was "arbitrarily" designated "high risk medical" by CDCR, despite not having any medical issues. (*Id.* at 3, ¶ 3). Plaintiff claims the designation permits CDCR to "needlessly transfer" and "warehouse" him with younger inmates which subjects him to possible harm. (*Id.*). Plaintiff alleges the arbitrary designation as a "high risk medical inmate" constitutes age discrimination, elder abuse, and violates his Eighth Amendment right to be free from cruel and unusual punishment and his Sixth Amendment right to due process. (*Id.* at 3-5). The AC has not been screened under 28 U.S.C. § 1915A as of the date of this Report and Recommendation. (*See* docket).

In the motion *sub judice*, Plaintiff, who is now 70 years of age, seeks a temporary restraining order enjoining Defendants from transferring him from Valley State Prison until a judgment is entered in this case. (Doc. No. 10). Plaintiff argues a temporary restraining order is necessary because transfer to a "Non-Designated dorm" would leave him vulnerable to attack from younger inmates and more susceptible to contracting COVID, because such housing is crowded and lacks adequate medical care. (*Id.* at 3). Plaintiff does not allege any facts or even suggest that he has any reason to believe that his transfer is imminent.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 requires that motion for a temporary restraining order include "specific facts" which "clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Local Rule 231 also requires notice before filing for a TRO "[e]xcept in the most extraordinary of circumstances," and mandates that they include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order

which includes a provision for a bond.  L.R 231 (a)-(c) (E.D. Ca. 2019).

A TRO is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).  Plaintiff bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr*., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).  The Court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it."  *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs."  *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted).  This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison.  *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

///

### III. ANALYSIS AND DISCUSSION

Having reviewed the motion, the Court finds Plaintiff has not demonstrated the extraordinary circumstances required to issue a TRO. As a threshold matter, Plaintiff has failed to show actual or attempted notice, and other than requesting the relief, he fails to provide any briefing on the implicated legal issues, provide any affidavits attesting to imminent irreparable harm, or include a proposed order that includes a provision for bond. His motion therefore does not comply with Local Rule 231.

The motion also fails because Plaintiff has not shown he will likely prevail on the underlying action. Plaintiff states there is a "high likelihood" that he will succeed, but he does not elaborate on what evidence augurs him prevailing. (Doc. No. 10 at 2 ¶ 2). Prison officials enjoy wide latitude in their decisions to transfer inmates at will. *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976). Inmates are generally not entitled to due process prior to transfer "even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another." *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). Nonetheless, in certain circumstances, an order prohibiting, or mandating transfer may issue where there is showing of a constitutional violation. *Plata v. Brown*, 427 F. Supp. 3d 1211, 1223 (N.D. Cal. 2013).

Here, Plaintiff's claim that his change in classification due to his age *ipso facto* will result in a transfer to a less desirable prison is speculative at best. According to the AC, Plaintiff's classification level was changed over five years ago, and he has not yet been transferred. Plaintiff does not allege any facts that officials intend to transfer him, yet alone that his transfer is imminent.

The other *Winter* factors also weigh against Plaintiff. Plaintiff contends that if transferred he risks being attacked by fellow inmates and contracting COVID. But "speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff does not describe threats specific to him that he faces, and he merely presumes he will be attacked because he is older. He further argues he might contract COVID because he may be transferred to a more crowded prison with inferior medical care. Such speculation cannot form the basis for a TRO.

4

Plaintiff also wholly fails to address whether the balance of equities and the public interest favor granting injunctive relief. A TRO cannot issue absent Plaintiff establishing all four *Winter* factors, which Plaintiff has failed to do. The undersigned finds Plaintiff has not demonstrated extraordinary circumstance to warrant the issuance of a temporary restraining order.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a District Judge to this matter.

It is further **RECOMMENDED**:

Plaintiff's motion for a temporary restraining order (Doc. No. 10) be **DENIED**.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5