UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>Plaintiff,<br><br>v.<br><br>CDCR and R. FISHER, *Warden*,<br><br>Defendants. | No. 1:20-cv-00655-NONE-HBK (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 17) |

Plaintiff Clifford Alan Dilbert is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff moved on July 2, 2021 for a temporary restraining order enjoining officials at plaintiff's institution from transferring him. (Doc. No. 10.) The assigned magistrate judge issued findings and recommendations on July 7, 2021, recommending that plaintiff's motion be denied. (Doc. No. 11). Plaintiff objected to the findings and recommendations on September 15, 2021. (Doc. No. 15).

On October 1, 2021, following a *de novo* review of the case, the undersigned adopted the magistrate judge's July 7, 2021 findings and recommendations that plaintiff's motion for a temporary restraining order be denied. (Doc. No. 16.) Plaintiff then filed on October 18, 2021 the instant motion for relief from a judgment, pursuant to Federal Rule of Civil Procedure 60(b).

1

(Doc. No. 17.) Plaintiff's motion requests reconsideration of the October 1, 2021 order adopting the findings and recommendations.

Federal Rule of Civil Procedure 60(b) governs the reconsideration orders of the district court. Rule 60(b) permits a district court to relieve a party from an order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).

Here, plaintiff's reconsideration motion merely rehashes the arguments he made in his objections to the findings and recommendations. The undersigned previously reviewed those objections and found them insufficient in light of the high threshold necessary to issue a TRO. (*See* Doc. No. 16 at 2.) The instant motion overall has provided no new or different facts, circumstances, or law that would justify this court's reconsideration of its previously entered

/////

/////

judgment. Accordingly, plaintiff's motion for relief from the judgment pursuant to Rule 60(b) (Doc. No. 17) is denied.

IT IS SO ORDERED.

Dated: __**October 27, 2021**__            *Dale A. Drozd*
                                            UNITED STATES DISTRICT JUDGE