1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLIFFORD ALAN DILBERT,              Case No.  1:20-cv-00655-JLT-HBK (PC)

12              Plaintiff,               ORDER DENYING PLAINTIFF'S MOTION
                                         FOR APPOINTMENT OF COUNSEL
13        v.
                                         FINDINGS AND RECOMMENDATIONS TO
14   CDCR, R. FISHER,                    DISMISS CASE AND DENY PLAINTIFF'S
                                         REQUEST FOR A TEMPORARY
15              Defendants.              RESTRAINING ORDER[1]

16                                       (Doc. No.  25)

17                                       FOURTEEN DAY OBJECTION PERIOD

18

19        Pending before the Court for screening under 28 U.S.C. § 1915A is the second amended

20   pro se civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Clifford Alan Dilbert—a

21   state prisoner.  (Doc. No. 25, "SAC").  Incorporated within the SAC is a motion requesting

22   appointment of counsel and a motion for a temporary restraining order ("TRO").  (*Id*. at 26).[2]  For

23   the reasons set forth below, the undersigned denies the motion for appointment of counsel and

24   recommends the district court deny the motion for a TRO and dismiss the SAC because it fails to

25   state any federal claim and any further amendments would be futile.

26   _____

27   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

28   [2] The Court refers to the page numbers of the SAC as reflected on the Court's CM/ECF system instead of
     the page numbers on Plaintiff's SAC.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff incorporates a motion for appointment of counsel within his SAC.  (Doc. No. 25 at 26).  Plaintiff submits his case is complex and he is having limited access to the prison's law library.  (*Id.*).

As this a civil case, the United States Constitution does not require appointment of counsel.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff does not demonstrate exceptional circumstances.  *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Contrary to Plaintiff's assertion, the Court does not find the issues raised in this case to be "so complex that due process violations will occur absent the presence of counsel."  *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  As discussed in more detail below, Plaintiff alleges a classification claim due to his designation as "high-risk medical" inmate, which is not a complicated or unique claim.  (*See generally* Doc. No. 25).  Plaintiff's argument that he should be appointed counsel due to his limited access to the prison law library is unavailing.  Prisoners do not have a right to use the prison law library.  *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) ("Prisoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library.") (*citing*

1  *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  Plaintiff has been able to access the court and submit

2  multiple motions.  Thus, Plaintiff cannot show that his limited access has denied him access to

3  court.  Finally, Plaintiff cannot show a likelihood of success on the merits given that the

4  undersigned is recommending dismissal of this action.  For these reasons, the Court denies

5  Plaintiff's incorporated motion for appointment of counsel.

6  **FINDINGS AND RECOMMENDATION**

7  **A.  Screening Requirement**

8  Because Plaintiff commenced this action while in prison, he is subject to the Prison

9  Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint

10  that seeks relief against a governmental entity, its officers, or its employees before directing

11  service upon any defendant.  28 U.S.C. § 1915A.  The Court must identify any cognizable claims

12  and dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim

13  upon which relief may be granted, or that seeks monetary relief from a defendant who is immune

14  from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

15  At the screening stage, the Court accepts the factual allegations in the complaint as true,

16  construes the complaint liberally, and resolves all doubts in the Plaintiff's favor.  *Jenkins v.*

17  *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

18  2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or

19  unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

20  1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

21  basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

22  The Federal Rules of Civil Procedure require only that the complaint include "a short and

23  plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

24  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

25  factual detail to allow the court to reasonably infer that each named defendant is liable for the

26  misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

27  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

28  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

*Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

   If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

   **B.  Summary of Operative Pleading**

   After screening and finding Plaintiff's First Amended Complaint ("FAC") failed to state any claim, the Court advised Plaintiff of the applicable law and pleading standards and afforded Plaintiff the opportunity to file an amended complaint.  (Doc. Nos. 6, 22).  Plaintiff timely filed a Second Amended Complaint.  (Doc. No. 25, "SAC").  Plaintiff's SAC comprises 63 pages, including 36 pages of exhibits, and essentially reasserts the same claim and facts set forth in his FAC.  The events giving rise to the SAC occurred at Valley State Prison ("VSP").  (*Id*. at 13, 15-17).  The SAC identifies the following Defendants: (1) R. Fisher, Warden at VSP; and (2) the California Department of Corrections and Rehabilitation ("CDCR").

   The gravamen of the SAC is that CDCR is considering Plaintiff's advanced age as a factor to classify him as a "high risk medical" inmate.  Plaintiff submits that this constitutes age discrimination.  Specifically, Plaintiff complains that when he turned 65 in 2015, he was "arbitrarily" designated "high risk medical" by CDCR, despite not having any medical issues.  (*Id*. at 5).  The SAC asserts that Plaintiff's age is the sole reason he is classified as "high risk medical" inmate.  (*Id*.).  Plaintiff argues that the classification of "high risk medical" poses a threat that CDCR will institute an "adverse transfer" from VSP and place him with younger more

4

1   violent inmates who are gang members.  (*Id*. at 16).  Thus, Plaintiff argues his classification as a
2   "high risk medical" inmate also violates the Eight Amendment right to be free from cruel and
3   unusual punishment.  (*Id*. at 5-6).

4       As relief, Plaintiff seeks an order from the Court mandating CDCR to stop using age as
5   criteria for classification, directing CDCR to remove Plaintiff's designation as "high risk
6   medical," and prohibiting Defendants from retaliating against him, as well as unspecified punitive
7   and compensatory damages.  (*Id*. at 7, 23).

8       **C.  Applicable Law and Analysis**

9           **1.  Classification**

10       It is well settled that prisoners have no constitutional right to a particular classification
11   status, even if the classification status results in a loss of privileges.  *Moody v. Daggett*, 429 U.S.
12   78, 88 n. 9 (1976) (expressly rejecting claim that prisoner classification and rehabilitative
13   programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th
14   Cir. 1987) (agreeing inmate had no constitutional right to particular classification status and
15   further finding no independent right under state law).  An inmate can state a claim based on his
16   classification if the classification was done for unconstitutional reasons, i.e. done in retaliation for
17   exercising his First Amendment rights, or done for religious, political, or racial discriminatory
18   reasons.  This is because decisions regarding an inmate's classification level or where to house
19   inmates are at the core of prison administrators' expertise.  *McKune v. Lile*, 536 U.S. 24, 39
20   (2002)(citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Frost v. Agnos*, 152 F.3d
21   1124, 1130 (9th Cir. 1998).

22       Plaintiff asserts his age is the sole reason he was classified as a "high risk medical" inmate
23   and he has no other medical conditions that justify classifying him as "high risk medical."  A
24   review of the SAC and attachments contradict this averment.  The Court's review is limited to the
25   complaint, exhibits attached, and materials incorporated into the complaint by reference, and
26   matters of which the Court may take judicial notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d
27   959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  Because the exhibits are attached and
28   incorporated in the SAC, the Court may consider the exhibits when their authenticity is not

questioned.  *See Lee v. City of Lose Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting at 12(b)(6) stage material properly submitted as part of the complaint may be considered without converting the motion to dismiss to a motion for summary judgment).  While the Court accepts the factual allegations in the SAC as true, it need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).  Of particular note here is Exhibit D, which is a letter on behalf of the federal court appointed Receiver, J. Clark Kelso, to Superior Court Judge Thomas L. Bender written in connection with Plaintiff's habeas petition.  (Doc. No. 25 at 47-49).  Contrary to Plaintiff's allegations that his classification as a "high risk medical" inmate is based solely on his age, the letter written on behalf of the federal court appointed Receiver states that CDCR based Plaintiff's classification also on his current medical status including several health conditions such as hypertension, hypothyroidism, hyperlipidemia, and mental health issues.  (*Id*. at 48).  Furthermore, as addressed in the Court's March 23, 2023, Screening Order, at Plaintiff's request, the Court took judicial notice of CDCR's January 12, 2022 correspondence to Plaintiff which informed Plaintiff that his classification and possible transfer to VSP is not adverse but was made to ensure he gets adequate medical care. (*See* Doc. No. 22 at 2; Doc. No. 21 at 8).  The Court pointed out that CDCR's correspondence, dated January 12, 2022, confirmed that Plaintiff's classification status was not based solely on his age but was based on his current medical conditions.[3]  Additionally, the January 12, 2022 correspondence noted that Plaintiff has not been transferred from VSP and, contrary to the assertions in Plaintiff's SAC, any *potential* transfer would not be of an adverse nature but made to ensure Plaintiff gets proper medical care.

---

[3] The Court granted Plaintiff's request to take judicial notice of CDCR's January 12, 2022 correspondence. Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A Court may take judicial notice of official correspondence from a public agency. *Hein v. Captain Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1259 n.4 (9th Cir. 2000).

To the extent that Plaintiff claims an Eight Amendment violation due to the fact that his "high risk medical" status may result in his potential transfer to another prison with younger and more dangerous inmates, such a risk of serious harm to Plaintiff is speculative and too attenuated to meet the deliberate indifference standard to sustain an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Furthermore, the Court notes that Plaintiff first began complaining about his possible transfer from VSP in 2015 when he first was classified as a "high risk medical" inmate. As of the date of these Findings and Recommendations, some seven years later, Plaintiff remains confined at VSP, further evidencing that any potential transfer, yet alone a transfer that may subject Plaintiff to physical harm, is purely speculative.

Finally, to the extent that the SAC alleges Plaintiff's classification status as a "high risk medical" inmate violates the due process clause because he may lose different programming opportunities, the SAC fails to state a claim. (*See* Doc. No. 25 at 14). Plaintiff has no liberty interest in his eligibility for programming opportunities, such as rehabilitative programs. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that the due process clause does not create a liberty interest in prison education or rehabilitation classes). As a result, for the reasons discussed *supra*, the SAC fails to state a cognizable claim as it relates to Plaintiff's classification as a "high risk medical" inmate.

### 2. Equal Protection Clause Under the Fourteenth Amendment

"No State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). There are two different ways in which a plaintiff may state an equal protection claim. A plaintiff's first option is to allege "facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class[.]" *Id*. (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)). The second way a plaintiff may state a claim is "as a 'class of one' by alleging that [the] plaintiff has 'been intentionally treated differently from others similarly situated and that there is no rational basis for the treatment[.]" *Koboyashi v. McMulling*, 2022 WL 3137958, at *23 (C.D.

7

1  Cal. May 31, 2022) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

2  However, the Constitution does not require individuals who are, in fact, differently situated, to be

3  treated equally under the law. *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464,

4  469 (1981).

5          The rational basis assessment is the relevant inquiry when a state does discriminate based

6  on age. *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 735 (2003).  "Pursuant this

7  assessment, a state practice premised on age distinctions will be upheld 'if there is a plausible

8  policy reason for the classification, the legislative facts on which the classification is apparently

9  based rationally may have been considered to be true by the governmental decisionmaker, and the

10 relationship of the classification to its goal is not so attenuated as to render the distinction

11 arbitrary or irrational….A plausible reason includes…any reasonably conceivable state of facts

12 that could provide a rational basis for the classification.'"  *Shahid v. Beard*, 2015 U.S. Dist.

13 70032, at \*5-6 (E.D. Cal. May 28, 2014) (quoting *Armour v. City of Indianapolis*, 566 U.S. 673,

14 681 (2012)) (brackets omitted).

15         To the extent SAC alleges a violation of the Equal Protection Clause predicted upon

16 Plaintiff's age alone being used for his "high risk medical" classification, the SAC fails to state a

17 claim because, as already discussed at length above, Plaintiff's classification as "high risk

18 medical" is not solely based on his age but was assigned to accurately reflect and provide him

19 with appropriate medical treatment for his health conditions.  (*Id*. at 48; *see also* Doc. No. 22 at 2;

20 Doc. No. 21 at 8).  Further, the SAC fails to allege sufficient facts from which the Court can infer

21 that Plaintiff is being treated differently from similarly situated prisoners or that CDCR's

22 determination to classify him as a "high risk medical" inmate lacked a rational reason or

23 penological purpose.  Thus, based on the foregoing, the SAC fails to articulate an equal protection

24 claim.

25                         **MOTION FOR TEMPORARY RESTRAINING ORDER**

26         Plaintiff also includes with his SAC a motion requesting a temporary restrain order.

27 (Doc. No. 25 at 26).  Given the brevity of Plaintiff's motion, the undersigned quotes in full the

28 motion:

> Given the constant, looming possibility of a transfer based on an unconstitutional premise of Age Discrimination, Petitioner requests of this Honorable Court an issuance of a TRO until the case can be heard on its merits enjoining Defendants from transferring Petitioner.

(*Id.*).

## A. Applicable Law

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely

1    shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.  The Ninth

2    Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary

3    injunction if it demonstrates: (1) a combination of probable success on the merits and the

4    possibility of irreparable injury or (2) that serious questions are raised and the balance of

5    hardships tips sharply in its favor.  *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719,

6    727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

7    However, as applicable here, a federal court does not have personal jurisdiction over the parties

8    and subject matter jurisdiction over the claim if no defendant has been served in the action.

9    *Zepeda*, 753 F.2d at 727 (9th Cir. 1985) (if no defendant has been served with process then

10   injunctive relief is premature).

11        Further, the injunctive relief an applicant requests must relate to the claims brought in the

12   complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

13   2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the

14   court does not have the authority to issue an injunction.").  Absent a nexus between the injury

15   claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff

16   any relief.  *Id.* at 636.

17        The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner

18   litigants seeking preliminary injunctive relief against prison officials.  In such cases,

19   "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

20   correct the harm the court finds requires preliminary relief, and be the least intrusive means

21   necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*,

22   2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA

23   places significant limits upon a court's power to grant preliminary injunctive relief to inmates,

24   and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

25   bargaining power of prison administrators—no longer may courts grant or approve relief that

26   binds prison administrators to do more than the constitutional minimum."  *Gilmore v. People of*

27   *the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).  The court's jurisdiction is "limited

28   to the parties in this action" and the pendency of an action "does not give the Court jurisdiction

1  over prison officials in general or over the conditions of an inmate's confinement unrelated to the

2  claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

3      **B. Discussion**

4      Previously, the Court denied Plaintiff a temporary restraining order ("TRO"), as well as

5  denied him reconsideration of its denial of a temporary restraining order regarding his transfer.

6  (*See* Doc. Nos. 12, 16, 18).  Plaintiff's renewed motion for a TRO is similarly procedurally

7  deficient and otherwise without merit.  As a threshold matter, Plaintiff has not complied with

8  Local Rule 231(a).  Other than requesting the relief, Plaintiff fails to provide any briefing, other

9  than conclusory statements, on the implicated legal issues.  Nor does Plaintiff provide any

10  affidavits attesting to imminent irreparable harm, aside from conclusory allegations.  Indeed,

11  Plaintiff's threatened harm is predicated upon the speculative nature of a potential transfer and

12  does not warrant extraordinary injunctive relief.  *Mester v. Dickinson*, 2010 WL 1658472, *2

13  (April 23, 2010) (quoting *Caribbean Marine Servc. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.

14  1988) ("'[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a

15  preliminary injunction.'")).  Instead, a party must demonstrate a presently existing actual threat of

16  harm.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v.

17  Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998). *See also

18  Blair v. CDCR*, 2016 WL 8673037, at *2 (E.D. Cal. Dec. 9, 2016) (finding alleged risk of injury

19  from future transfer speculative and insufficient to satisfy irreparable injury prong); *Jones v.

20  Wong*, 2017 WL 3588027 (E.D. Cal. Aug. 21, 2017) (finding risk of future transfer too

21  speculative to warrant injunctive relief).

22      Further, the Court does not have personal or subject matter jurisdiction over the

23  Defendants because none of the Defendants have received service of process. And Plaintiff fails

24  to satisfy the first prong of the *Winter* three prong test—likelihood of success on the merits.  *See

25  Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction

26  over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

27  rights of persons not before the court."); *see also Winter*, 555 U.S. at 20.  As discussed at length

28  *supra*, and given the undersigned's recommendation to dismiss the SAC, there is no likelihood of

1    success on the merits because Plaintiff has failed to state a cognizable claim.

2       In summary, the undersigned finds this case does not involve extraordinary circumstances

3    warranting the issuance of a temporary restraining and recommends that the district court deny

4    Plaintiff's motion for a TRO.

5                         **CONCLUSION**

6       Based on the above, the undersigned finds Plaintiff's SAC fails to state a cognizable

7    federal claim.  The SAC merely reasserts the same allegations raised in Plaintiff's FAC.  The

8    undersigned advised Plaintiff in her May 23, 2023 screening order that Plaintiff did not have a

9    constitutional right to a particular classification and that his classification as a "high risk medical"

10    inmate was not based solely on his age as reflected in the exhibits Plaintiff attached.  The filing of

11    the SAC realleging the virtually identical claim demonstrates that Plaintiff cannot cure the

12    deficiencies identified above with a further amended complaint.  Thus, the undersigned

13    recommends the district court dismiss the SAC without further leave to amend.  *McKinney v.*

14    *Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th

15    Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has

16    afforded plaintiff one or more opportunities to amend his complaint).

17       Accordingly, it is **ORDERED**:

18       Plaintiff's motion for appointment of appointment of Counsel (Doc. No. 25 at 26) is

19    DENIED.

20       Further, it is **RECOMMENDED**:

21       1.  Plaintiff's motion for a temporary restraining order (Doc. No. 25 at 26) be DENIED.

22       2.  The SAC (Doc. No. 25) be dismissed under § 1915A for failure to state a claim and

23          this case be CLOSED.

24                    <u>**NOTICE TO PARTIES**</u>

25       These findings and recommendations will be submitted to the United States district judge

26    assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

27    days after being served with these findings and recommendations, a party may file written

28    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 28, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

13